UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br>BANCO VOTORANTIM S.A.,<br><br>For an Order to Conduct Discovery for<br>Use in Foreign Proceedings<br>Pursuant to 28 U.S.C. § 1782 | 23-MC-396 (JPO) |

**ORDER GRANTING *EX PARTE* APPLICATION**
**FOR ASSISTANCE PURSUANT TO 28 U.S.C §1782**

THIS CAUSE came before the Court upon the *Ex Parte* Application for Judicial Assistance, pursuant to 28 U.S.C. § 1782, filed by BANCO VOTORANTIM S.A. ("Applicant"). The Court, having considered the § 1782 Application and supporting materials, and otherwise being fully advised in the premises, finds as follows:

A.    Applicant has met the requirements for granting the requested judicial assistance under 28 U.S.C. § 1782.

B.    For purposes of the instant Application, the Court finds that the Applicant seeks documentary evidence from The Clearing House Payments Company L.L.C; Bank of America, N.A.; The Bank of New York Mellon; BNP Paribas USA; Citibank, N.A.; Commerzbank AG; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; Bank of Nova Scotia; Barclays Bank PLC; JPMorgan Chase Bank, N.A.; Société Générale; Standard Chartered Bank; UBS AG; and Wells Fargo Bank, N.A. (collectively, the "Discovery Targets"), which reside or are found in the Southern District of New York.

C.  The documentary evidence sought through this Application is for use in a civil proceeding commenced by Applicant, which is pending before the 33rd Civil Court of the Judicial District of São Paulo, São Paulo state, Brazil (the "Foreign Proceeding").

D.  Further, as a claimant in the Pending Proceeding, Applicant is an interested person within the meaning of 28 U.S.C. § 1782.

E.  The discretionary factors, as described by the United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

F.  More particularly: (1) the Discovery Targets are not parties to the Foreign Proceeding and are not expected to become parties thereto; thus, the need for this discovery is more apparent; (2) there is no indication that the Brazilian court would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent Brazilian proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the Discovery Targets that is the type normally produced by corporate entities or persons during litigation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.  The Application and Motion are **GRANTED**.

2.  Any discovery taken pursuant to this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure.

3.  Applicant is authorized to issue and serve a subpoena on each of the Discovery Targets in substantially similar form to the forms attached to the Application. Applicant is further

authorized to issue and serve additional follow up subpoenas on the Discovery Targets as may be necessary to obtain the documentary and testimonial evidence for use in the Foreign Proceeding.

4. The Discovery Targets are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until further order of this Court.

5. Nothing in this Order should be construed to prevent or otherwise foreclose the Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

The Clerk of Court is directed to close the motion at ECF No. 4

IT IS SO ORDERED, this __29__ day of _October_, 2023.

_____
J. PAUL OETKEN
United States District Judge